## DOUGLASS v. CRAIG.

2 919<br>112 174

The exclusive right granted to the corporation of the town of Shreveport, by sec. 6 of the stat. of 20 March, 1839, to establish ferries across the Red river within the limits of that town, was not repealed by any thing in the stat. of 24 February, 1843, creating the parish of Bossier.

APPEAL from the District Court of Bossier; *Taylor*, J. *Crain*, for the appellant, cited stat. of 20 March, 1839, s. 6, Bul. and C.'s Digest, *verbo* Ferry. 16 La. 585. *Wood* and *Terrell*, for the defendant, relied on B. and C.'s Dig. p. 641; act 25 March, 1813, s. 5. 5 La. 294. 3 Mart. 375; 11 La. 585, 588. Act 24 Feb. 1843. The judgment of the court was pronounced by

KING, J. In 1839 the legislature granted to the corporation of Shreveport the exclusive right of establishing ferries across Red river within the limits of that town, and to the revenues arising therefrom. Acts 1839, p. 204, §.6. In virtue of this authority the corporation established a ferry within its limits, of which the plaintiff is the lessee, running to the opposite shore, which is one of the boundary lines of the parish of Bossier. In 1843, (Acts p. 19,) the parish of Bossier was created; and, among the powers granted to its police jury, was that of establishing ferries across the lakes and rivers within that parish. A ferry was established under this authority across Red river, immediately opposite to the town of Shreveport, and leased to the defendant, who was using it for purposes of profit, when he was restrained by an injunction obtained by the plaintiff, who claims the exclusive privilege of a ferry at that point, and damages which he alleges he has sustained by reason of the illegal acts of the defendant. The injunction was dissolved in the court below, and the plaintiff has appealed.

The exclusive right granted to the corporation of Shreveport to establish ferries across the Red river within its limits, was not repealed by the subsequent act of 1843, creating the parish of Bossier. There is no express repealing clause in the latter act, and we do not understand that the legislature, in creating a parish and conferring upon its local authorities the powers which they would equally have had under the general law if those powers had not been specially granted, intended to repeal this special privilege given to the corporation. There is no conflict between the two acts. They both exist, and must be construed together. The power to establish ferries, granted to the police jury of Bossier, must be subordinate to that conferred upon the town of Shreveport, within the corporate limits of the latter. *Bank of Louisiana* v.

DOUGLASS
v.
CRAIG.

*Farrar*, 1 Ann. Rep. 54. We think that the injunction ought to have been maintained. The evidence is too vague to enable us to award damages to the plaintiff.

The judgment of the District Court is therefore reversed. It is further ordered that the injunction obtained by the plaintiff be maintained, and that the defendant be perpetually enjoined from running a ferry boat across Red river, within the limits of the town of Shreveport, or otherwise interfering with the rights of ferry of the plaintiff, as the lessee of the corporation of Shreveport. It is further ordered that the defendant pay the costs of both courts, to be taxed.